IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUNILDA GONZALEZ-MARCANO : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 13-3714 |
| US AIRWAYS GROUP, INC., ET AL. : | |

SURRICK, J.                                                                                          JANUARY  31 , 2014

<u>**MEMORANDUM**</u>

      Presently before the Court are Defendant US Airways Group, Inc.'s Motion to Dismiss (ECF No. 1-1), Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 1-15), and Plaintiff's Motion for Fees and Expenses (ECF No. 1-21).  For the following reasons, Plaintiff's Motions for Leave to File an Amended Complaint will be granted, Defendant's Motion to Dismiss will be dismissed, and Plaintiff's Motion for Fees and Expenses will be denied.

**I.      BACKGROUND**

      On December 8, 2011, Plaintiff filed this diversity action against US Airways Group, Inc. ("US Airways Group"), John Doe, Inc., and ABC Insurance Company in the District Court for the District of Puerto Rico.  (Compl., ECF No. 1-1.)[1]  Plaintiff alleges that on December 13, 2010, due to US Airways Group's negligence, she suffered an injury to her left ankle during a US Airways flight from San Juan, Puerto Rico to Philadelphia, Pennsylvania.  (Compl. ¶¶ 8-11.)  Plaintiff claims to have incurred damages as a result of her ankle injury.  (*Id.* ¶¶ 16-21.)

      Plaintiff first attempted to serve US Airways Group with the Complaint on January 23, 2012.  (ECF No. 1-6.)  On March 1, 2012, US Airways Group filed a motion to quash service of

---

[1] When this case was transferred to this Court from the District of Puerto Rico, *Gonzalez-Marcano v. US Airways Group, Inc.*, No. 11-2179, (D.P.R.), all of the documents that had been filed with the court in Puerto Rico were transferred to this docket under ECF No. 1.

process.  (*Id.*)  Plaintiff then mailed a waiver of service to Defendant on March 26, 2012.  (Pl.'s Mot. for Fees 1, ECF No. 1-21.)  On April 3, 2012, US Airways Group's motion to quash was granted by the Honorable Juan M. Perez-Gimenez, and Plaintiff was granted 15 days from the issuance of a new summons to serve US Airways Group.  *Gonzalez-Marcano v. US Airways Group, Inc.*, No. 11-2179, (D.P.R.) at ECF No. 12.  A new summons as to US Airways Group was issued on April 4, 2012.  (ECF No. 1-10.)   Defendant was not served until April 30, 2012.  (ECF No. 1-18.)

   On April 26, 2012, US Airways Group filed this Motion to Dismiss, after Plaintiff failed to serve US Airways Group within the required period.  (US Airways Grp.'s Mot., ECF No. 1-11.)  US Airways Group argues that service was untimely and that personal jurisdiction is lacking.  In support of this argument, US Airways Group notes that it does not do business in Puerto Rico, and that the aircraft on which Plaintiff was injured is not operated by it, but by its wholly-owned subsidiary, US Airways, Inc.  (*Id.* at ¶¶ 5, 8.)  Plaintiff filed a Response in opposition to US Airways Group's Motion on May 16, 2012.  (Pl.'s Resp., ECF No. 1-20.)  On May 22, 2012, US Airways Group replied to Plaintiff's Response.  (US Airways Group's Reply, ECF No. 1-24.)

   On May 3, 2012, Plaintiff filed the instant Motion for Leave to File an Amended Complaint, with the proposed amended complaint attached.  (Pl.'s Mot. to Amend, ECF No. 1-15.)  US Airways Group filed a Response in opposition to Plaintiff's Motion on May 14, 2012.  (US Airways Grp.'s Resp., ECF No. 1-19.)

   On May 16, 2012, Plaintiff filed a Motion for Payment of Fees and Expenses under Federal Rule of Civil Procedure 4(d)(2).  (Pl.'s Mot. for Fees.)  Plaintiff seeks reimbursement for the fees that it incurred because US Airways Group refused to waive service of process.  (*Id.* at

3.)  US Airways Group filed a Response in opposition to Plaintiff's Motion for Fees on July 17, 2013.  (US Airways Grp.'s Resp. Mot. for Fees, ECF No. 4.)

On June 25, 2013, this case was transferred to this Court pursuant to 28 U.S.C. § 1404(a).  (ECF No. 1-28.)

## II.   PLAINTIFF'S MOTION FOR LEAVE TO AMEND

### A.   Arguments

Plaintiff seeks to amend the Complaint, substituting US Airways, Inc. as a defendant for the currently named defendant John Doe, Inc.  (Pl.'s Mot. to Amend 3.)  If permitted to amend, Plaintiff also seeks to voluntarily dismiss US Airways Group as defendant.  (*Id.*)  Plaintiff contends that the Puerto Rican Rules of Civil Procedure ("PRRCP") and the Federal Rules of Civil Procedure allow for such a substitution and that such substitution is timely because it relates back to the filing of the Complaint.  US Airways Group argues otherwise, claiming that Plaintiff is time-barred from substituting US Airways, Inc. in as a defendant.  (US Airways Grp.'s Resp. at ¶¶ 5-6.)  We address this Motion first because if Plaintiff is granted leave to amend, US Airways Group's Motion will be moot.

### B.   Legal Standard

Federal Rule of Civil Procedure 15(a) requires that leave to amend the pleadings be granted freely "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  However, "[t]he policy favoring liberal amendment of pleadings is not . . . unbounded."  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).  A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  *Lake v. Arnold*, 232

F.3d 360, 373 (3d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Futility' means that the "complaint, as amended, would fail to state a claim upon which relief could be granted.'"  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

    **C.**        **Analysis**

            *1.*        *Applicable Law*

"[W]here venue of a federal court action is transferred pursuant to 28 U.S.C. § 1404(a), the transferee court sits as the transferor court and applies the law of the transferor forum." *Burger King Corp. v. Cont'l Ins. Co.*, 359 F. Supp. 184, 186-87 (W.D. Pa. 1973) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).  Because this case was transferred here pursuant to § 1404(a), the law that governed in the original venue—the District of Puerto Rico—will govern here.  "Federal courts in Puerto Rico sitting on diversity shall apply the Puerto Rico statue of limitations and tolling provisions."  *Melendez v. Hosp. Hermanos Melendez, Inc.*, 608 F. Supp. 2d 196, 200 (D.P.R. 2008).  The Puerto Rico Civil Code provides for a one-year statute of limitations for tort actions, such as this.  31 P.R. Laws Ann. § 5298.  Plaintiff's one-year period expired on December 13, 2011.  Obviously, this is well before Plaintiff filed her Motion to Amend on May 3, 2012.  Therefore, Plaintiff's new claims against US Airways, Inc. will be time-barred unless they relate back to the date Plaintiff filed the Complaint.  If the claims are time-barred, Plaintiff's Amendment would be futile.

As an initial matter, we must determine which source of relation-back principals governs: federal or Puerto Rican.  Upon request of the Court, the parties briefed the issue.  (ECF No. 7.) However, neither party fully addressed the issue in light of the unique factual circumstances

present in this case.[2] Our independent research revealed that Federal Rule of Civil Procedure 15(c)(1)(A) dictates that federal courts sitting in diversity should look to the law of the state in which the district court sits, and if the state law "affords a more forgiving principal of relation back than the one provided in [Rule 15], it should be available to save the claim." Fed. R. Civ. P. 15 advisory committee's note (1991); *see Morel*, 565 F.3d at 25-26 (stating Rule 15(c)(1)(A) "cements in place a one-way ratchet; less restrictive state relation-back rules will displace federal relation-back rules, but more restrictive state relation-back rules will not"); *Ortiz v. Lebron*, 146 F.R.D. 34, 39 (D.P.R. 1992). Here, it is unclear whether Puerto Rican relation-back rules are more or less restrictive.

PRRCP 15.4 affords a mechanism that allows a plaintiff to relate the substitution of an unknown defendant back to the time of the filing of the original complaint. *Santiago v. Becton Dickinson & Co.*, 539 F. Supp. 1149, 1153 (1982). Plaintiff asserts that this rule is applicable. (Pl.'s Resp. 2.) PRRCP 15.4 provides that when a defendant's name is unknown at the time a plaintiff files an action, he or she may use a fictitious name to identify the defendant temporarily and, upon discovering the defendant's real name, may amend the complaint by substituting the fictitious name for the properly identified defendant.[3] *Melendez*, 608 F. Supp. 2d at 200;

---

[2] Both parties primarily cited to *Morel v. Daimler-Chrysler AG*, 565 F.3d 20 (1st Cir. 2009) for the general proposition that federal relation-back principals should apply. (US Airways Grp. Add'l Br. 3, ECF No. 13; Pl.'s Add'l Br. 2-3, ECF No. 20.) *Morel* dealt with whether Federal Rule of Civil Procedure 15(c) applied instead of state law in a diversity case, when the governing state rule was more restrictive than Rule 15(c). *Id.* at 25. Neither party explained why *Morel* would be applicable here. Indeed, neither party discussed Puerto Rican law as compared to Rule 15.

[3] "Whenever a plaintiff does not know the true name of a defendant, he shall so state in the complaint, setting forth the specific claim he allegedly has against said defendant. In said case, the plaintiff may designate said defendant in any pleading or proceeding with a fictitious

*Santiago*, 539 F. Supp. at 1153.  This rule does not apply to unknown persons or entities.  Rather, it applies to defendants whose identity is known but whose name at the moment of filing the complaint is unknown to plaintiff.  *Santiago*, 539 F. Supp. at 1153.  In addition, the unknown defendant must be properly identified before judgment is entered so that he is given a sufficient opportunity to defend the action.  *Puertorriquenos v. Hernandez*, 508 F. Supp. 2d 164, 179 (D.P.R. 2007).  If applicable here, PRRCP Rule 15.4 may appear to be less restrictive than the applicable Federal Rule of Civil Procedure.  However, such an assumption cannot be made.

Even when PRRCP 15.4 is satisfied, relation back is not automatic because the plaintiff must meet all procedural requirements, *Hernandez*, 508 F. Supp. 2d at 180 n.15, and courts have been inconsistent in determining what additional procedural requirements must be met.  Some courts have required that a plaintiff serve process upon the unknown defendant within six months of filing the complaint, or justify why service could not be completed in that timeframe.  *Id.* at 179; *Nunez Gonzales v. Miranda*, 122 D.R.P. 134, 135, 1988 WL 580768 (P.R.), (P.R. 1988).  Other courts have required that PRRCP 13.3 be consulted to determine if a plaintiff's amendment substituting in a defendant for a fictitious name relates back.  *Melendez*, 608 F. Supp. 2d at 200-01; *Santiago*, 539 F. Supp. at 1153.  Even within the courts that have consulted PRRCP 13.3, courts have differed on what part of the Rule must be satisfied.  *Compare Melendez*, 608 F. Supp. 2d at 200-01, *with Santiago*, 539 F. Supp. at 1153.  PRRCP 13.3 provides:

---

name, and upon discovery of the true name, he shall forthwith make the corresponding amendment in the pleading or proceeding."  P.R. R. Civ. P. 15.4.

> [w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, the amendments shall relate back to the date of the original pleading. An amendment changing the party against whom a claim is asserted shall relate back to the date of the original pleading if, after complying with the foregoing requirement and within the term provided for, the party brought through the amendment: (1) knew of the pending cause of action so that he is not prejudiced in maintaining his defense on the merits, and (2) if it had not been for a mistake as to the identity of the person actually liable, the action would have been brought originally against him.

P.R. R. Civ. P. 13.3. In *Santiago*, the plaintiff had to satisfy only the first part of the rule: that the claim arose out of the same conduct, transaction, or occurrence. *Santiago*, 539 F. Supp. at 1153. In *Melendez*, the court stated that the plaintiff had to satisfy all of PRRCP 13.3 before the court would allow relation back. *Melendez*, 608 F. Supp. 2d at 200-01. None of the courts acknowledged the inconsistences in the state of the law on this issue, leaving us in this interesting position where Puerto Rican law could be either more or less restrictive than the applicable Federal Rule of Civil Procedure, depending on which decision is followed. For instance, on the facts of this case, following the *Santiago* court would make the Puerto Rican law less restrictive, while following either the *Melendez* or *Hernandez* court would make the law more restrictive. Because of the significant inconsistencies, we find it prudent to view the Puerto Rican law as more restrictive, which means that Puerto Rican law will not be consulted in determining whether Plaintiff's claim relates back. Instead, we look to federal relation-back rules—specifically Federal Rule of Civil Procedure 15(c).

   *2.     Relation Back under the Federal Rule of Civil Procedure 15*

When a plaintiff amends a complaint to add a defendant after the relevant statute of limitations has run, Federal Rule of Civil Procedure 15(c) controls whether the amended complaint will "relate back" to the filing of the original complaint and thus escape a timeliness objection. *See Smith v. City of Phila.*, 363 F. Supp. 2d 795, 797-98 (E.D. Pa. 2005). "The naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant." *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003). In fact, "[r]eplacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c), and thus the amended complaint will relate back only if the three conditions specified in that rule are satisfied." *Id.*

Rule 15(c) provides that an amendment relates back when: (1) the claim against the newly named defendant arose "out of the conduct, transaction, or occurrence" set out in the original pleading; (2) the newly named party received notice of the action within 120 of the filing of the original complaint so that it is not prejudiced in defending the action on the merits; and (3) also within 120 days of filing the original complaint, the new party must know or should have known that but for a mistake made by the plaintiff concerning the newly named party's identity, the action would have been brought against it in the first place. Fed. R. Civ. P. 15(c); *see Singletary v. Pa. Dept. of Corrs.*, 266 F.3d 186, 194 (3d Cir. 2001).[4]

---

[4] The relevant text of Rule 15(c) reads: "(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

Rule 15(c)'s first requirement is clearly met here. The proposed amended complaint is identical to the Complaint, except for the named defendants. Indeed, the amendment does not add new facts or causes of action. There can be no serious debate that the amendment arises from the same transaction or occurrence. *See U-Haul Int'l, Inc. v. Gross Metal Prods., Inc.*, No. 98-5755, 1999 WL 54545, at *4 (E.D. Pa. Jan. 27, 1999).

The second requirement of Rule 15(c) is also satisfied in this case. The notice requirement under Rule 15(c) is the "'critical element' in deciding whether an amendment relates back." *Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc.*, 801 F. Supp. 1450, 1456 (E.D. Pa. 1992). When an amendment adds a new defendant, "the focus of the Court is on whether the proposed new defendant had actual, constructive or imputed notice of the action" within 120 days of when the complaint was filed. *Wine v. EMSA Ltd. P'ship*, 167 F.R.D. 34, 37-38 (E.D. Pa. 1996). For notice to be effective under Rule 15(c), it "need not be formal" so long as it is "effective in removing prejudice to defendant from [the] inclusion of the untimely claim." *Advanced Power Sys., Inc.*, 801 F. Supp. at 1456. Moreover, under the identity of interests principal, "notice may be imputed to parties . . . 'when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.'" *Id.* (quoting *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102-03 (1st Cir. 1979)). "The identity of interest principle is often applied where the original and added parties are a parent corporation and its wholly owned subsidiary . . . ." *Hernandez Jimenez*, 604 F.2d at 103; *see Markhorst v. Ridgid, Inc.*, 480 F. Supp. 2d 813, 817 (E.D. Pa. 2007). Indeed, the close intercorporate relationship between a

---

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15.

9

parent and wholly-owned subsidiary is at the core of the identity of interest principal. *E.I. duPont de Nemours & Co. v. Phillips Petroleum Co.*, 621 F. Supp. 310, 314 (D. Del. 1985) (noting that "Wright & Miller, Federal Practice and Procedure . . . states that 'the relationship needed to satisfy the identity of interest test exists between a parent and wholly-owned subsidiary'").

Here, the original defendant, US Airways Group, is the parent corporation of the proposed additional defendant, US Airways, Inc., the wholly-owned subsidiary. (US Airways Group's Mot. Ex 1.) In addition, Plaintiff claims that the two corporations share the same corporate address in Arizona. (Pl.'s Add'l Br. 5 Ex I & II.) On these facts, the identity of interest principal allows us to impute any notice that US Airways Group received regarding this action to US Airways Inc. because, as parent and subsidiary, they are so closely related in business that we can presume that if US Airways Group knew about the action, so did US Airways, Inc. *See Markhorst*, 480 F. Supp. 2d at 817 (implying that if the party that the plaintiff was seeking to add to the action was a parent or subsidiary of the original party to the action, the identity of interest principle would have been satisfied); *Phillips Petroleum Co.*, 621 F. Supp. at 314 (finding notice requirement under Rule 15(c) satisfied when parent corporation knew of action because "the parent corporation had actual notice, [so] adding its wholly-owned subsidiary as a party defendant does not prejudice the subsidiary")

To satisfy the notice requirement here, Plaintiff must show that US Airways Inc. had notice of this action by April 8, 2012.[5] Plaintiff named US Airways Group as a defendant in the Complaint, and although Plaintiff's first attempt at serving US Airways Group failed and US

---

[5] One-hundred and twenty days from the date Plaintiff filed the Complaint was April 7, 2012, which was a Sunday. Thus, Plaintiff had an additional day to notify US Airways, Inc. of this action.

Airways Group was not officially served until April 30, 2012, US Airways Group still had actual notice of this action by March 1, 2012—as evidenced by its filing a motion to quash Plaintiff's service.  Pursuant to the identity of interest principal, the actual knowledge of US Airways Group can be imputed to its wholly-owned subsidiary, US Airways, Inc.  Moreover, US Airways Group seemingly concedes that US Airways, Inc. received constructive notice of this action in or about late January or early February 2012.  (US Airways Grp.'s Add'l Br. 4.)  We are satisfied that US Airways, Inc. had constructive notice of the action within 120 days of the filing of the Complaint so that it will not be prejudiced in defending this action.

      The third requirement of Rule 15(c), the mistake requirement, requires that it be shown that, within 120 days of the filing of the complaint, the proposed additional party knew or should have known that, but for a mistake made by the plaintiff concerning the newly named party's identity, the action would have originally been brought against it.  This requirement ensures that the proposed additional party knew or should have known all along that joinder was a distinct possibility.  *Taliferro v. Costello*, 467 F. Supp. 33, 36 (E.D. Pa. 1979).  The proper inquiry under this requirement is "not whether [the plaintiff] knew or should have known the identity of [the proposed additional defendant] as a proper defendant, but whether [the proposed additional defendant] knew or should have known that it would have been named as a defendant but for an error."  *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010).  The mistake requirement is closely intertwined with the notice requirement, especially when there is a close relation between the original party and the party to be added, because "courts have generally held that the mistake condition is satisfied when the original party and added party have a close identity of interest."  *Advanced Power Sys., Inc.*, 801 F. Supp. at 1457 (quotations omitted).

Here, Plaintiff claims that she mistakenly named US Airways Group as the original defendant in this action because US Airways Group's prospectus form on file with the United States Securities and Exchange Commission led her to believe that US Airways Group was responsible for the operation of the aircraft on which she was injured. (Pl.'s Mot. to Amend 2.) Plaintiff also notes that the extreme similarities between the names of US Airways Group and US Airways, Inc. confused her. We are satisfied that Plaintiff has shown that she made a mistake concerning the proper party's identity. *Krupski*, 560 U.S. at 549 (holding that a plaintiff makes a mistake as required under Rule 15(c) when she sues the wrong party because she misunderstood the roles of the parties that were involved in the events giving rise to his or her claim). We also conclude that US Airways, Inc. should have known that it would have originally been the defendant in this action, but for Plaintiff's mistake: the Complaint clearly sets out that Plaintiff meant to sue the company that owned, operated, controlled, and maintained the aircraft on which she was allegedly injured, and US Airways, Inc. knew that it, not US Airways Group, was responsible for that aircraft. (Compl. 2) In fact, US Airways, Inc. should have known that US Airways Group could not have been the proper defendant because it does not even do business in Puerto Rico. (US Airways Grp.'s Mot. Ex. 2.) Thus, US Airways, Inc. should have known, before April 8, 2012, that the sole reason that it was not originally named as a defendant was because Plaintiff misunderstood which US Airways entity was responsible for the aircraft. *Id.* at 554.

Since all three requirements of Rule 15(c) are met in this case, the proposed amended complaint will relate back to the filing of the Complaint. Plaintiff will therefore be permitted to amend her complaint because such amendment will not be futile, as her claim is not time-barred.

**III.    DEFENDANT'S MOTION TO DISMISS**

Plaintiff has consented to the dismissal of US Airways Group from this action. (Pl.'s Mot. to Amend 3.) Accordingly, US Airways Group will be dismissed from this action. Its Motion is moot.

**IV.    PLAINTIFF'S MOTION FOR FEES AND EXPENSES**

Plaintiff filed a Motion for Fees requesting an award of costs incurred in effecting service of process on Defendant, after it refused to waive personal service as provided by Federal Rule of Civil Procedure 4(d). Rule 4(d) allows a plaintiff to request that a defendant waive formal service of process when certain conditions are met. Fed. R. Civ. P. 4(d)(1). If a defendant refuses to waive service without good cause, and the plaintiff is forced to serve the defendant, the court must require the defendant to pay the fees and expenses related to such service. Fed. R. Civ. P. 4(d)(2). Defendant claims that it had good cause for not waiving service because Plaintiff failed to meet all the requirements of Rule 4(d)(1). Specifically, Defendant claims that Plaintiff failed to address the waiver request to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" as Rule 4(d)(1)(A)(ii) requires. Instead, Plaintiff addressed the waiver request to US Airways Group, Inc. generally. (US Airway Grp.'s Resp. Mot. for Fees Ex. A.) In addition, Defendant claims that Plaintiff also failed to include two copies of the waiver form as Rule 4(d)(1)(C) requires. (*Id.*) The issue before us, then, is whether these two deficiencies in Plaintiff's waiver request gave Defendant good cause to require that Plaintiff undergo the burden of effectuating personal service on Defendant.

The purpose of Rule 4(d) is "to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel." Fed. R. Civ. P. 4 advisory

committee's note (1993). The 1993 Advisory Committee Notes to the Federal Rules of Civil Procedure explain that the finding of "sufficient cause should be rare." In fact, courts have ordered defendants to pay for the cost of service even when the plaintiff did not fully comply with all the requirements of Rule 4(d)(1)(A) but still substantially complied with the Rule. *See Russell v. Chase Inv. Servs. Corp.*, No. 09-360, 2009 WL 3254898, at * 3 (N.D. Okl. 2009) (summarizing cases where courts awarded fees and expenses when a plaintiff substantially complied with Rule 4(d)). For instance, good cause was not found when a plaintiff sent a defendant one copy of the waiver form, instead of two. *Dymits v. Amer. Brands, Inc.*, No. 96-1897, 1996 WL 751111, at *15 (N.D. Cal. 1996) ("The Court does not find that the mere fact that Mr. Dymits omitted a copy of the waiver constitutes 'good cause' to relieve Defendant of paying costs.").

Similarly, good cause may not exist when a plaintiff fails to adequately address the waiver of service to a specific officer or agent of a corporation. *Stapo Indus., Inc. v. M/V Henry Hudson Bridge*, 190 F.R.D. 124, 125-26 (S.D.N.Y. 1999); *see McGehean v. AF&L Insur. Co.*, No. 09-1792, 2009 WL 3172763, at *4-5 (E.D. Pa. Oct. 2, 2009); *Leung v. SHK Magmt., Inc.*, No. 98-3337, 1999 WL 972008, at *2-3 (E.D. Pa. Oct. 20, 1999). Rule 4(d) requires that waiver of service be addressed to a specific officer or agent of a corporation because "[t]he general mail rooms of large organizations cannot be required to identify the appropriate individual recipient for an institutional summons." Fed. R. Civ. P. 4 advisory committee's note (1993). This provision exists to ensure that the request of waiver timely reaches the appropriate person. If a waiver is not addressed to a specific officer or agent at a corporation, but the appropriate individual still timely receives the waiver and no prejudice has resulted, then plaintiff's failure to follow Rule 4(d)(1)(A) will not be good cause for a defendant's failure to waive service. *See*

*Stapo Indus., Inc.*, 190 F.R.D. at 125. Indeed, allowing a defendant to refuse to waive service when the appropriate person received the waiver request just as if the waiver had been properly addressed would be contrary to the purpose of Rule 4(d), as a plaintiff would be forced to incur unnecessary costs. On the other hand, if a waiver request is improperly addressed to a corporation and the appropriate person never receives the request, receives it late, or is otherwise prejudiced, then good cause will exist for refusing to waive service. *McGehean v. AF&L Insur. Co.*, 2009 WL 3172763, at *4-5 (finding good cause where the defendant did not receive request of waiver); *Leung v. SHK Mgmt., Inc.*, 1999 WL 972008, at *2-3 (finding good cause where the corporate defendant claimed it was never asked to waive process and the plaintiff failed to show court that waiver request was properly addressed to corporation).

Here, Defendant claims that Plaintiff's failure to address the waiver request to an officer or agent of US Airways Group, coupled with Plaintiff's omission of one copy of the waiver form gave it good cause to refuse to waive service. We disagree. Although Plaintiff failed to meet all the technicalities of Rule 4(d)(1), Defendant has not claimed it was in any way prejudiced by Plaintiff's errors. Defendant has not claimed that the waiver request was delayed from reaching the appropriate person because it was improperly addressed. In fact, from Defendant's Opposition, it is evident that Defendant did receive the waiver of service, but still refused to waive service.

Nevertheless, we will not grant Plaintiff's Motion for Fees because there was not adequate time to request a waiver of service. "The procedure for requesting waiver of service should also not be used if the time for service under subdivision (m) will expire before the date on which the waiver must be returned." Fed. R. Civ. P. 4 advisory committee's note (1993). Here, Plaintiff sent a waiver of service to Defendant on March 26, 2011 requesting that it be

15

returned in 30 days, which would have been April 25, 2011. On April 3, 2011, the Court ordered that service be completed within 15 days of the issuance of a summons. The summons was issued on April 4, 2011. Therefore, Plaintiff had to have service completed as of April 19, 2011 to comply with Rule 4(m), which was well before the Defendant was required to return the waiver of service. Thus, Plaintiff did not have enough time before service had to be completed to properly use a waiver of service. Because Plaintiff could not have properly used a waiver of service in this instance, such request was improper and Defendant will not be required to pay Plaintiff's fees and costs associated with serving Defendant.

V.     **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Amend will be granted, Defendant's Motion to Dismiss will be dismissed as moot, and Plaintiff's Motion for Fees and Expenses will be denied. An appropriate order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**