IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUNILDA GONZALEZ-MARCANO | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 13-3714 |
| US AIRWAYS, INC., ET AL. | : | |

**SURRICK, J.**                                             **JUNE 24, 2014**

### MEMORANDUM

Presently before the Court is Defendants US Airways, Inc. and ABC Insurance Company's Motion to Dismiss (ECF No. 27). For the following reasons, the Motion will be granted.

**I.  BACKGROUND**

**A.  Procedural History**

On December 8, 2011, Plaintiff filed this diversity action against US Airways Group, Inc., John Doe, Inc., and ABC Insurance Company in the District Court for the District of Puerto Rico. (Compl., ECF No. 1-1.)[1]

On June 25, 2013, the case was transferred to this Court pursuant to 28 U.S.C. § 1404(a). (ECF No. 1-28.) On January 31, 2014, we granted Plaintiff's Motion for Leave to File an Amended Complaint. (ECF No. 22.) Plaintiff's Amended Complaint names US Airways, Inc. ("US Airways") as a Defendant, not U.S. Airways Group, Inc. It alleges the same claim that was set out in the original Complaint against U.S. Airways Group, Inc. (Am. Compl., ECF No. 23.) On April 1, 2014, Defendants filed the instant Motion to Dismiss for failure to state a claim

---

[1] When this case was transferred to this Court from the District of Puerto Rico, *Gonzalez-Marcano v. US Airways Group, Inc.*, No. 11-2179, (D.P.R.), all of the documents that had been filed with the court in Puerto Rico were transferred to this docket under ECF No. 1.

under Federal Rule of Civil Procedure 12(b)(6).  (Def.'s Mot., ECF No. 27.)  On April 24, 2014, Plaintiff filed a Response in opposition to Defendants' Motion.  (Pl.'s Resp., ECF No. 30.)

      B.      **Factual History**

Plaintiff alleges that on December 13, 2010, she boarded a flight from San Juan, Puerto Rico, to Philadelphia, Pennsylvania that was operated by US Airways.  (Am. Compl. ¶ 8.)  During the flight, as Plaintiff was returning to her seat, she suffered an injury to her left ankle due to extreme turbulence.  (*Id.* at ¶¶ 10-11.)  Plaintiff attributes the injury to US Airways' negligence in failing to warn passengers of the impending turbulence.  (*Id.* at ¶¶ 22-23.)  Plaintiff claims to have sustained damages as a result of her ankle injury.  (*Id.* at ¶¶ 16-21.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed.  *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly,* 550 U.S. at 556).  Nevertheless, the Court "need not accept as true 'unsupported conclusions and unwarranted inferences,'" *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (quotations omitted), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower*

*Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

In determining whether dismissal is appropriate, courts use a two-part analysis. *Fowler*, 578 F.3d at 210. First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true. *Id.* at 210-11. Next, courts determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal* 556 U.S. at 679). Given the nature of the two-part analysis, "[d]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64 (citing *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

#### A.   Preemption

Defendants first contend that Plaintiff's claims should be dismissed because federal law preempts the field of air safety and Plaintiff has not alleged that US Airways violated a federal standard of care in operating its aircraft. Defendants cite the case of *Abdullah v. American Airlines, Inc.,* 181 F.3d 363 (3d Cir. 1999), in support of their position. Plaintiff responds that Defendants have misrepresented the Court's decision in *Abdullah*. Plaintiff claims specifically that in *Abdullah*, the Court of Appeals held that state law remedies are not preempted by federal law. In addition, Plaintiff contends that the standard of care that she alleges in her amended complaint is consistent with the general standards of care set out in federal regulations.

Defendants correctly note that in *Abdullah* the Third Circuit addressed whether federal law preempts the field of air safety from state and territorial regulation. 181 F.3d at 367.

*Abdullah* held that "federal law establishes the applicable standards of care in the field of air safety, generally, thus preempting the entire field from state and territorial regulation." *Id.*; *see Allen v. Am. Airlines, Inc.*, 301 F. Supp. 2d 370, 375 (E.D. Pa. 2003).  While declaring the preemption of state and territorial regulation, the Court preserved state tort remedies based on federal standards of care.  *Abdullah*, 181 F.3d at 367.  Thus, plaintiffs who wish to assert negligence claims regarding air safety must rely on the federal standard of care, even though they may recover under a state tort remedy scheme.  *Id*. at 368.

The instant case involves negligence claims arising out of an injury that Plaintiff sustained while traveling on an airplane in-flight.  (Am. Compl. ¶ 9.)  Because federal law preempts airline safety regulation from state and territorial law, Plaintiff's Complaint must allege that Defendant violated a federal standard of care to adequately state a claim.  *See Abdullah*, 181 F.3d at 367.  In the section of her Amended Complaint, that sets out the jurisdiction and involved parties, Plaintiff asserts generally that

> USAir was a domestic common carrier authorized to conduct and engage in air transportation as the holder of certificates issued by the Federal Aviation Administration of the United States pursuant to Part 121 of the Federal Aviation Regulations as an Air Carrier in Air Commerce and in the course of which business activity defendant owned, operated, controlled and maintained several types of aircraft.

(Am. Compl. ¶ 4.)  In addition, Plaintiff alleges "[t]he injuries suffered by Plaintiff were caused by the carelessness, negligence and wrongful conduct of the Defendants' employees and agents." (*Id.* at ¶ 22.)  Plaintiff, however, does not mention a specific federal standard of care that Defendant breached when asserting her negligence claims.  (*Id.*)  Therefore, her claims cannot survive a motion to dismiss.  *Abdullah*, 181 F.3d at 367; *see Levy v. Cont'l Airlines, Inc.*, No. 07-1266, 2007 WL 2844592, at *1, 3 (E.D. Pa. Oct. 1, 2007) (determining that the plaintiff's claims were properly dismissed because they were based on standards derived from state law and should

have been based on federal law which preempted state law in the field of airline operations); *Mezvinsky v. U.S. Air Corp.*, No. 98-1596, 2000 WL 122355, at *1 (E.D. Pa. Jan. 1, 2000) (determining that the plaintiff must rely on a federal standard of care to sufficiently establish a negligence claim against an airline for injuries resulting from turbulence).

The appropriate federal standard of care applicable to this case is set out in the Federal Aviation Administration's ("FAA") Air Traffic and General Operating Rules. *See* 14 C.F.R. § 91.13 ("Section 91.13"). Section 91.13 addresses "[a]ircraft operations for the purpose of air navigation," stating, "[n]o person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another." 14 C.F.R. § 91.13(a). To sufficiently allege a violation of such a federal standard, Plaintiff must do more than make a passing reference to the federal standard. *Bomanski v. US Airways Grp., Inc.*, 620 F. Supp. 2d 725, 730-31 (E.D. Pa. 2009) (dismissing negligence claim that merely alleged that an aircraft was operated and maintained in a reckless and careless manner and made only passing reference to FAA laws, regulations, and guidelines). Plaintiff did not even mention this or any other FAA standard in her Amended Complaint.

The case of *Landis v. U.S. Airways, Inc.*, No. 07-1216, 2008 WL 728369 (W.D. Pa. Mar. 18, 2008), is on point. *Landis* concerned a negligence claim resulting from an injury sustained from an airplane shaking violently while in the air after taking off. *Id.* The plaintiff alleged that the defendant was negligent in failing to properly warn about the airplane's condition that caused the airplane to shake. *Id.* The defendant responded to the complaint with a motion to dismiss, asserting that the plaintiff had failed to allege that particular federal standards of care had been violated. *Id.* at *3. The plaintiff argued that she did plead a violation of a federal standard because she mentioned the FAA in her jurisdictional statement and generally alleged that the

defendant was careless and reckless. *Id.* The *Landis* Court rejected the plaintiff's argument, finding that despite her general references to the FAA, she had "failed to set forth the specific regulation and, thus, the applicable federal standard of care" that were alleged to have been breached. *Id.*

Here, Plaintiff has alleged that she was injured in-flight as a result of US Airways's negligence in failing to warn passengers of coming turbulence. Plaintiff, like the plaintiff in *Landis*, claims that she has alleged the proper federal standard of care because she has generally alleged that US Airways was careless, and she has made a passing reference to Defendant being a common carrier subject to regulation by the FAA. This argument fails just as it did in *Landis*. Plaintiff's passing references to the FAA will not suffice where there is no mention of a specific regulation that was alleged to have been breached. The Amended Complaint does not reference a specific federal regulation that was violated by Defendant. Plaintiff has not sufficiently pled that Defendant violated a federal standard of care, which is required to adequately state a claim according to *Abdullah*. 181 F.3d at 367.

Although Plaintiff's negligence claims must be dismissed for failure to sufficiently plead a federal standard of care, Plaintiff "ought to be afforded an opportunity to test [her] claims on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that avoiding decisions on the merits because of mere technicalities is contrary to the Federal Rules of Civil Procedure). Federal Rule of Civil Procedure 15(a)(2) allows the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Burgos v. Satiety, Inc.*, No. 10-2680, 2010 WL 4907764, at *1, 4 (E.D.N.Y. Nov. 30, 2010) (allowing the plaintiff to amend her complaint even though she did not seek leave to amend the complaint); *Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004) (recognizing that "the [C]ourt may *sua sponte* grant leave to

amend"). We will exercise our discretion and *sua sponte* afford Plaintiff an opportunity to amend her Complaint. Justice so requires.

### B. Direct Action Statute

Defendants also contend that Plaintiff's claim against ABC Insurance Company must be dismissed because Plaintiff cannot recover pursuant to Puerto Rico's direct action statute. Plaintiff responds that the direct action statute should be applied. At this time, we need not rule on whether the direct action statute applies here. Even if Plaintiff was correct, and the direct action statute applied in the instant case, Plaintiff's claim against ABC Insurance Company would still fail under the present circumstances.

The First Circuit addressed Puerto Rico's direct action statute in *Torres-Troche v. Municipality of Yauco*, 873 F.2d 499, 502 (1st Cir. 1989), recognizing that the statute "'merely permits an injured party to maintain against the insurer the same claim it could pursue against the insured.' The insurer's liability arises from and is dependent on its contractual obligations to the insured." *Id.* (internal citations omitted)*; see also Ruiz Rodriguez v. Litton Indus. Leasing Corp.*, 574 F.2d 44, 45-46 (1st Cir. 1978); *Fraticelli v. St. Paul Fire & Marine Ins. Co.*, 375 F.2d 186, 187-89 (1st Cir. 1967). Here, the claim against the insured—US Airways—will be dismissed for the reason stated above. As a result, any claim against US Airways' insurer—ABC Insurance Company—that is brought pursuant to the direct action statute must also be dismissed because direct action claims rely on a claim existing against the insured.

## IV.	CONCLUSION

For the foregoing reasons, Defendants US Airways, Inc. and ABC Insurance Company's Motion to Dismiss will be granted, but Plaintiff is granted leave to amend.

An appropriate Order will follow.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**