IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRUNILDA GONZALEZ-MARCANO      :
                                 :
          v.                :           CIVIL ACTION
                                 :           NO. 13-3714
US AIRWAYS, INC., ET. AL.            :

**SURRICK, J.**                                         **SEPTEMBER  3 , 2014**

## <u>MEMORANDUM</u>

Presently before the Court is Defendants US Airways, Inc. and ABC Insurance Company's Motion to Dismiss.  (ECF No. 37.)  For the following reasons, the Motion will be granted.

**I.      BACKGROUND**

**A.      Procedural History**

On December 8, 2011, Plaintiff filed a complaint in the District Court of Puerto Rico, based on diversity jurisdiction, against US Airways Group, Inc., John Doe, Inc., and ABC Insurance Company seeking damages for claims of negligence.  (ECF No. 1-1.)  On June 25, 2013, the District Court of Puerto Rico transferred the case to this Court pursuant to 28 U.S.C. § 1404(a).  (ECF No. 1-28.)  On January 31, 2014, we granted Plaintiff's Motion for Leave to File an Amended Complaint.  (ECF No. 22.)  The First Amended Complaint alleged the same claims as the original complaint but named US Airways, Inc. ("US Airways") as a Defendant instead of US Airways Group.  (ECF No. 23.)

On April 1, 2014, Defendants filed a Rule 12(b)(6) Motion to Dismiss for failure to state a claim.  (ECF No. 27.)  On June 24, 2014, we granted Defendants' Motion to Dismiss, but again granted Plaintiff leave to amend her complaint.  (ECF No. 35.)  On July 3, 2014, Plaintiff filed

the Second Amended Complaint.  (Second Am. Compl., ECF No. 36.)  On July 18, 2014,

Defendants filed the instant Rule 12(b)(6) Motion to Dismiss ABC Insurance Company ("ABC

Insurance"), with an accompanying Memorandum of Law.  (Defs.' Mot. & Defs.' Mem., ECF

No. 37.)  On August 4, 2014, Plaintiff filed a Response in Opposition to Defendants Motion.

(Pl.'s Resp., ECF No. 38.)

> ### B.   Factual History

On December 13, 2010, Plaintiff, a citizen of Puerto Rico, took a US Airways flight from

San Juan, Puerto Rico to Philadelphia, Pennsylvania.  (Second Am. Compl. ¶¶ 1, 7.)

Approximately two and a half hours after takeoff, Plaintiff left her seat to use the restroom.  (*Id*.

at ¶ 9.)  As Plaintiff returned to her seat, the aircraft experienced turbulence.  (*Id*. at ¶ 10.)

Consequently, Plaintiff fell and fractured her ankle.  (*Id*. at ¶ 11.)  Once the aircraft landed in

Philadelphia, a US Airways flight attendant told Plaintiff to remain seated.  (*Id*. at ¶ 15.)  The

paramedics entered the aircraft to attend to Plaintiff.  (*Id*. at ¶ 16.)  Then, an ambulance

transported Plaintiff to the Emergency Room at Thomas Jefferson University Hospital in

Philadelphia where she was treated and instructed to see an orthopedic surgeon.  (*Id*.)  Plaintiff

saw an orthopedic surgeon in Philadelphia the following day.  (*Id*. at ¶ 17.)  She was diagnosed

with a fracture to her distal fibula of her left ankle.  (*Id*.)  On the advice of the orthopedic

surgeon, Plaintiff remained in Philadelphia for two weeks before returning to Puerto Rico.  (*Id*.

at ¶ 18.)  Following Plaintiff's return to Puerto Rico, she participated in physical therapy for

approximately three months.  (*Id*. at ¶ 19.)  Plaintiff alleges that US Airways's negligent failure

to warn passengers of the turbulence was the cause of her injuries.  (*Id*. at ¶ 22.)  She seeks to

recover damages for her injuries from US Airways and ABC Insurance.  (*Id*. at ¶ 23.)

## II.   LEGAL STANDARD

To adequately state a claim, the complaint must contain a "short plain statement of the claim showing . . . entitle[ment] to relief . . . and . . . a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(2)-(3).  Failure to adequately state a claim upon which relief can be granted is grounds for a motion to dismiss.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  "A complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."  *McTernan v. City of York*, 564 F.3d 636, 646 (3d Cir. 2009).

In determining whether dismissal is appropriate, courts use a two-part analysis.  *Fowler*, 578 F.3d at 210.  First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true.  *Id.*  Next, courts "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  Given the nature of the two-part analysis, "'determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *See McTernan*, 577 F.3d at 530 (quoting *Iqbal*, 556 U.S. 679).

## III.    DISCUSSION

Defendants argue that Plaintiff's claim against ABC Insurance must be dismissed because federal procedural law and Pennsylvania substantive law do not allow Plaintiff to file a direct action against ABC Insurance.  (Defs.' Mem. 5.)  Plaintiff responds by arguing that her ability to file a direct action against ABC Insurance is substantive in nature and that Puerto Rican—not Pennsylvania—substantive law applies here.  Plaintiff goes on to explain that Puerto Rican law allows a direct action against ABC Insurance.  Specifically, Plaintiff points to Puerto Rico's Direct Action Statutes, P.R. Laws Ann. tit. 26 §§ 2001, *et seq.*, which state that an "insurer issuing a policy insuring any person against loss or damage through legal liability for bodily injury, death, or damage to property of a third person, shall become liable whenever a loss covered by the policy occurs . . . ."  *Id.* at § 2001.  Thus, "[a]ny individual sustaining damages and losses shall have, at his option, a direct action against the insurer under terms and limitations of the policy . . . ."  *Id.* at § 2003(1).  A plaintiff may directly sue the insurer individually with or without designation of the insured as a party to the case.  *Id.* at § 2003(1).

### A.      Substantive or Procedural

Defendants contend that Puerto Rico's Direct Action Statutes are procedural in nature, and therefore they are not applicable here, where federal procedural rules apply.  Defendants are correct in recognizing that direct action statutes have a procedural effect.  However, that does not mean that direct action statutes are always considered procedural.  Rather, direct action statutes will be considered substantive when they do more than "provide merely the process for enforcing rights" and instead "create[] the rights and duties to be enforced."  *Richards v. Select Ins. Co., Inc.*, 40 F. Supp. 2d 163, 167 (S.D.N.Y. 1999*)* (holding that New York's direct action statute that creates a right of action against the insurer is substantive).  Puerto Rico Direct Action Statutes do exactly that by providing a plaintiff with a distinct and substantive claim against the tortfeasor's

4

insurer. *De Leon Lopez v. Corp. Insular de Seguros*, 931 F.2d 116, 122 (1st Cir 1991) ("The

[Puerto Rico Direct Action Statue] . . . provides a plaintiff with a substantive claim against an

insurer separate and distinct from any claim which the plaintiff may have against the insured.");

*Fraticelli v. St. Paul Fire & Marine Ins. Co.*, 375 F.2d 186, 188 (1st Cir. 1967) (finding that

Puerto Rico Direct Action Statutes create a "separate substantive action . . . created directly

against an insurer and in favor of the injured third party").  Puerto Rico's Direct Action Statutes

are not merely procedural, as they actually create a new cause of action.  *Oltarsh v. Aetna Ins.*

*Co.*, 204 N.E.2d 622, 624-25 (N.Y. 1965) (holding the Puerto Rico Direct Action statute as

substantive in character); *see Richards*, 40 F. Supp. 2d at 167 (citing *Oltarsh* as authority to

support the conclusion that direct action statutes are substantive in nature).  Since Puerto Rico's

Direct Action statutes are substantive in nature, Defendants' first argument fails.

### B.     Application of Choice-of-Law Rules

Because Puerto Rico's Direct Action Statutes are substantive, there is a true conflict

between substantive Pennsylvania law and Puerto Rican law:  Pennsylvania does not allow a

direct action against an insurer, 40 Pa. Stat. Ann. § 117; Puerto Rico does, P.R. Laws Ann. tit. 26

§ 2001.  Therefore, we must determine what substantive state law applies.  To make this

determination, we must initially determine which state's choice-of-law rules apply.

The general rule in diversity cases is that the "federal court . . . applies the choice-of-law

rules of the jurisdiction in which it sits." *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 170 (3d

Cir. 2011).  "However, where a case is transferred pursuant to 28 U.S.C. § 1404(a), [a court]

must apply the choice-of-law rules of the State from which the case was transferred." *Piper*

*Aircraft Co. v. Reyno*, 454 U.S. 235, 244 n.8 (1981); *see Ferens v. John Deere Co.*, 494 U.S.

516, 519 (1990) (holding that the choice-of-law rules of the transferor court apply regardless of

whether the defendant or the plaintiff moves for the transfer under 28 U.S.C. § 1404(a)).  Here, the Puerto Rico choice-of-law rules apply because the case was transferred here from the District Court of Puerto Rico pursuant to § 1404(a).

>    **C.   Application of Puerto Rico's Choice-of-law Rules**

Puerto Rico uses the dominant or significant contacts test in resolving choice-of-law issues.  *In re San Juan Dupont Plaza Hotel Fire Litig.*, 745 F. Supp. 79, 82 (D.P.R. 1990); *see also Bon v. P.R. Int'l Airlines.*, 518 F.2d 89, 91 (D.P.R. 1975) (applying "the law of the jurisdiction having the dominant contacts with the parties and occurrence").  Therefore, "the laws of the jurisdiction with the most significant contacts with respect to the disputed issue should apply."  *A.M. Capen's Co., Inc. v. Am. Trading and Prod. Corp.*, 74 F.3d 317, 320 (1st Cir. 1996) (quotation marks omitted).  In the context of tort law, we must choose the law of the forum with the most significant relationship to the location of incident and to the parties to the complaint.  *Id*. (citing Restatement (Second) of Conflicts of Laws § 145 (1971)).  In making this choice we consider the following contacts:  "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil . . . of the parties, and (d) the place where the relationship, if any, between the parties is centered."  *Id*. at 321.

Here, the contacts with Pennsylvania are dominant and significant.  Plaintiff sustained the injuries which are the subject of this case approximately two and a half hours into a flight from San Juan, Puerto Rico to Philadelphia, Pennsylvania.  When the plane arrived in Philadelphia, the paramedics examined Plaintiff, and she was taken to the Emergency Room at Thomas Jefferson University Hospital in Philadelphia.  The next day, she was treated by an orthopedic surgeon in Philadelphia, who directed Plaintiff to remain in Philadelphia for two weeks.  The contacts with Puerto Rico are insignificant by comparison.  The sole contacts with Puerto Rico

are that Plaintiff is a citizen of Puerto Rico, and Plaintiff underwent physical therapy related to

her injuries for three months in Puerto Rico.  Considering all of these contacts, it is evident that

the majority of the evidence related to Plaintiff's injuries and treatment is located in

Pennsylvania.  The District Court of Puerto Rico recognized this when it decided to transfer the

case here.[1]   Clearly Pennsylvania has the most significant relationship to this case.

In addition, Puerto Rico's policy interests in this matter are not significant.  Even though

Puerto Rico has an interest in offering Plaintiff, a resident of Puerto Rico, the protection of its

laws, this interest is diminished here because Plaintiff can recover for her injuries without

utilizing Puerto Rico's Direct Action Statutes.  *See Ruiz Rodriguez v. Litton Indus. Leasing

Corp.*, 574 F.2d 44, 45-46 (1st Cir. 1978) (barring the plaintiff's right to directly sue the

employer's insurer under the Puerto Rico Direct Action Statutes where plaintiff already received

---

[1] In finding that the Eastern District of Pennsylvania was the proper venue the District
Court of Puerto Rico found the following:

> This is a case about a plaintiff who claims she suffered a fall while on a plane
> bound for Philadelphia.  She received initial care by the airline personnel and was
> then examined and treated in a hospital in Philadelphia.  After her diagnosis, she
> visited an orthopedic surgeon in Philadelphia and remained in the city for two
> weeks following the accident.  In fact, the medical care that plaintiff received in
> Puerto Rico consisted mainly of physical therapy after all the initial assessment
> and treatment was done in Philadelphia.

> Certainly, in light of these facts, the bulk of the evidence and the witnesses are
> found in Philadelphia.  Although the Court acknowledges that there is ordinarily a
> strong presumption in favor of the plaintiff's choice of forum . . . it is no less true
> than the choice of a home forum may be overcome when the private and public
> interest factors clearly point towards trial in the alternative forum.

> In this case, as expressed above, an analysis of the circumstances, particularly the
> practicality of access of sources of proof, the availability of witnesses and the cost
> of attendance of witnesses, clearly favors Philadelphia as the proper venue.

(D.P.R. Opinion, ECF No. 1-31 (internal quotations omitted).)

compensation for injuries from the employer).  The Puerto Rico Direct Action Statutes "merely permits an injured party to maintain against the insurer the same claim it could pursue against the insured."  *Torres-Troche v. Municipality of Yauco*, 873 F.2d 499, 502 (1st Cir. 1989) (internal quotations omitted).  The purpose of the Puerto Rico Direct Action Statutes is not to increase the amount of damages a plaintiff can recover from her injuries but to ensure that a plaintiff can recover the appropriate amount of damages from the tortfeasor and/or the insurer.  *See Ramos v. Cont'l Ins. Co.*, 493 F.2d 329, 332 (1st Cir. 1974) (stating that the purpose of Puerto Rico's Direct Action Statutes "is to allow rights against the insurer generally co-extensive with a third-party's rights against the insured").  Plaintiff continues to have a claim against US Airways.  If Plaintiff is entitled to recover damages in this matter, there is no reason why she would not be entitled to recover those damages from US Airways.  Plaintiff can recover regardless of whether she brings a direct action against ABC Insurance.  Plaintiff's need for the protection of the Direct Action Statutes is not compelling.  The policy reasons favoring the application of Puerto Rican law are not strong.

Because Puerto Rico has limited policy interest in this case and because Pennsylvania has the most significant relationship to this case, we will apply Pennsylvania law.  Pennsylvania law does not recognize a direct action against an insurer.  Accordingly, Plaintiff's claim against ABC Insurance must be dismissed.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' Motion will be granted.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**